[Cite as *State v. Wenner*, 2019-Ohio-1684.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No. S-18-004

    Appellee                              Trial Court No. 17 CR 497

v.

Dana L. Wenner                          **DECISION AND JUDGMENT**

    Appellant                             Decided:  May 3, 2019

* * * * *

Timothy Braun, Sandusky County Prosecuting Attorney, and
Mark E. Mulligan, Assistant Prosecuting Attorney, for appellee.

Emil G. Gravelle III, for appellant.

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is an appeal from a January 29, 2018 sentencing judgment of the

Sandusky County Court of Common Pleas, sentencing appellant to a one-year term of

incarceration, with six months suspended, a three-year period of community control, and

$60,000 in restitution to the victim, following appellant's conviction on one count of

theft, in violation of R.C. 2913.02, as amended from a fourth-degree to a fifth-degree felony offense. For the reasons set forth below, this court reverses the sentencing judgment of the trial court and remands this case for resentencing.

{¶ 2} Appellant, Dana Wenner, sets forth the following two assignments of error:

1. The trial court erred to the prejudice of Appellant when it imposed a sentence that was contrary to law by ordering her to be incarcerated along with community control sanctions.

2. The trial court erred to the prejudice of [appellant] where it imposed post release control outside her presence in the Sentencing Entry.

{¶ 3} The following undisputed facts are relevant to this appeal. In 2015, appellant began a relationship with a man residing in the Fremont area. During the course of the next several years, appellant falsely convinced the man that appellant required a series of costly surgical procedures and follow-up care at major medical centers located in several different states.

{¶ 4} As a result of these misrepresentations, the victim transferred cash funds in excess of $90,000 to appellant believing that the funds would be utilized for life-saving medical treatment. The victim ultimately discovered that appellant had deceived him. The funds were actually expended by appellant for personal expenses and online gambling.

{¶ 5} Upon discovery of the ruse, the victim reported the matter to the Fremont Police Department. Accordingly, the police commenced an investigation into these

2.

events. On May 22, 2017, based upon the results of the investigation, appellant was indicted on one count of grand theft, in violation of R.C. 2913.02(A)(3), a felony of the fourth degree.

{¶ 6} On November 29, 2017, pursuant to a voluntary plea agreement, appellant pled guilty to one amended count of theft, in violation of R.C. 2913.02(A)(3), a felony of the fifth degree. A presentence investigation was ordered.

{¶ 7} On January 29, 2018, the trial court sentencing hearing was conducted. The trial court noted that although the actual loss to the victim exceeded $90,000, the trial court accepted for restitution purposes the negotiated figure of $60,000. Appellant was offered the opportunity to address the court regarding these events. Appellant declined to do so.

{¶ 8} For mitigation purposes, the evidence reflected that appellant had no prior criminal record. Conversely, regarding aggravating circumstances, the evidence reflected that the victim utilized a series of false claims of needed medical procedures and treatment to generate sympathy. By doing so, appellant secured substantial cash funds from the victim of nearly $94,000. The trial court noted that the funds were actually used on personal expenses, including appellant's gambling activities.

{¶ 9} Upon weighing the evidence presented for consideration in crafting a sentence, the trial court conveyed in relevant part, "I think your conduct clearly warrants prison; *however, they don't want to accept fourth and fifth degree felonies unless certain*

3.

*conditions are met*, but I think it appropriate that you be taken out of commission for a while." (Emphasis added).

{¶ 10} The trial court did not further elaborate or make any findings regarding what, if any, of the statutory factors or conditions that appellant met in order to warrant the imposition of prison time in this case.

{¶ 11} The trial court proceeded to sentence appellant to a one-year term of incarceration, with six months to be served in the local jail, six months suspended, a three-year term of community control, and a $60,000 restitution order.

{¶ 12} The corresponding written sentencing entry, memorializing the above-described sentence in this case, inscrutably included language regarding a three-year term of postrelease control, in addition to the language regarding the three-year term of community control imposed at sentencing. This appeal ensued.

{¶ 13} In the first assignment of error, appellant contends that the trial court sentence was contrary to law. In support, appellant maintains that the trial court did not adhere to the provisions of R.C. 2929.13(B)(1)(b) so as to warrant the imposition of a prison term for a fifth-degree felony offense that was not an offense of violence or a qualifying assault offense. We concur.

{¶ 14} R.C. 2929.13(B)(1)(a)(i)-(iv) directs, in pertinent part, "[I]f an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is not a qualifying assault offense, the court shall sentence the offender to a community control sanction."

4.

{¶ 15} The statute proceeds to delineate that this statutory community control preference applies to cases where the offender has no prior felony convictions, the most serious pending offense is a felony of the fourth or fifth degree, and the offender has not been convicted of a misdemeanor offense of violence in the past two years.

{¶ 16} The record reflects that all of these circumstances apply to the instant case.

{¶ 17} In conjunction with the above, R.C. 2929.13(B)(1)(b)(i)-(xi) establishes that a trial court nevertheless has the discretion to impose a prison term in fourth or fifth-degree felony cases that are not offenses of violence if any of the following factors are applicable; the defendant committed the offense while in the possession of a firearm, the offense is a qualifying assault offense, the offender violated bond conditions, the offense is a sex offense, the defendant made a threat of physical harm during the offense and was previously convicted of an offense causing physical harm, the defendant held a public office or a position of trust, the defendant committed the offense as part of organized criminal activity, the defendant served a prior prison term, or the defendant committed the offense while on community control, probation, or release on bond.

{¶ 18} The record reflects that the trial court did not determine that one or more of the R.C. 2929.13(B)(1)(b) factors applied to appellant so as to warrant the imposition of a prison term in this case.

{¶ 19} We now apply the above-described governing statutory guidelines to the instant case. The record reflects that appellant had no prior criminal record. The record

5.

consistently reflects that appellant had no conviction of a misdemeanor offense of violence within the two-year period prior to the underlying offense.

{¶ 20} The record further reflects no evidence or trial court finding that one of the discretionary categories delineated in R.C. 2929.13(B)(1)(b)(i)-(xi) was applicable to appellant so as to warrant the trial court's discretionary imposition of a prison term in this case.

{¶ 21} Based upon the foregoing, we find that the sentence was contrary to law. As such, we appellant's first assignment of error well-taken.

{¶ 22} In appellant's second assignment of error, appellant maintains that the trial court improperly erred in the inclusion of postrelease control language in the written sentencing entry as, "[T]he trial court never imposed nor discussed post release control at the sentencing hearing."

{¶ 23} The record reflects that the trial court sentenced appellant to community control. Although community control language was in the sentencing entry, the trial court further included postrelease control language.

{¶ 24} We note that appellee concedes the propriety of the second assignment of error. We likewise concur. We find appellant's second assignment of error to be well-taken.

{¶ 25} Wherefore, the January 29, 2018 sentencing judgment of the Sandusky County Court of Common Pleas is hereby reversed. The matter is remanded to the trial

6.

court for appellant to be resentenced in accordance with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.
_____
JUDGE

Thomas J. Osowik, J.
CONCUR.
_____
JUDGE

Christine E. Mayle, P.J.
CONCURS AND WRITES
SEPARATELY.
_____
JUDGE

**MAYLE, P.J.**

{¶ 26} I agree with my colleagues that reversal and remand is required in this case, but for a different reason.

{¶ 27} The majority concludes that the trial court imposed "a prison term" even though the trial court sentenced the appellant to "the Sandusky County Jail for THREE HUNDRED SIXTY FIVE (365) days with ONE HUNDRED EIGHTY (180) days suspended * * *." In my view, this sentencing-entry language unambiguously imposed a jail term—not a prison term. Moreover, this conclusion is reinforced by the fact that the

7.

trial court did not discuss—let alone find—any of the factors that could possibly warrant the imposition of a prison term under R.C. 2929.13(B)(1)(b)(i)-(xi).

{¶ 28} Although jail was an available community residential sanction under R.C. 2929.16(A)(2), the trial court was only authorized to impose a six-month term. Accordingly, I would find appellant's sentence contrary to law because the trial court ordered appellant to serve more than six months in jail,[1] and I would reverse and remand to the trial court with instructions to correct the judgment entry to specify that appellant is to serve only six months in the Sandusky County Jail (with credit for any time she has already served toward that sentence). I reach this conclusion regardless of the fact that part of the term was ordered suspended.

{¶ 29} I do, however, agree with the majority that the postrelease control provision must be stricken.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

---

[1] I also note that the trial court's sentence was in terms of *days* rather than months. While this may seem trivial, it is a distinction with a difference. (Consider, for instance, that a six-month sentence imposed January 1 would amount to 181 days (unless it is a leap year), whereas a six-month sentence imposed July 1 would amount to 184 days.) Thus, the sentence is contrary to law for this additional reason as well.

8.